| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>HomeBridge Financial Services, Inc. | Order Filed on February 13, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Rose, Carol-Ann, aka Carol Ann Palso,<br><br>Debtor | Case No.: 17-35079 VFP<br>Adv. No.:<br>Hearing Date: 2/1/18 @10:00 a.m.<br>Judge: Vincent F. Papalia |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: February 13, 2018**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2
Debtors:     Rose, Carol-Ann, aka Carol Ann Palso
Case No.:    17-35079 VFP
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, HomeBridge Financial Services, Inc., holder of a mortgage on real property located at 218 Hiawatha Boulevard, Oakland, NJ, 07436, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Carlol-Ann Rose, PRO-SE, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Secured Creditor will file a proof of claim prior to the proof of claim bar date; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors shall pay the arrearage claim of Secured Creditor in full, when filed; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors reserve the right to object to Secured Creditor's proof of claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.